UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN JAY LACEY, | ) |
|         Plaintiff, | ) |
|         v. | ) No. 1:24-cv-02018-SEB-TAB |
| CENTURION HEALTH OF INDIANA, LLC., *et al.*, | ) |
|         Defendants. | ) |

**ORDER GRANTING INDIANA DEPARTMENT OF CORRECTION'S MOTION TO DISMISS AND STRIKING MEDICAL DEFENDANTS' ANSWER**

The Court screened John Lacey's amended complaint and issued process to the defendants. Dkt. 23. Defendant Indiana Department of Correction (IDOC) moves to dismiss the claim against it for lack of subject matter jurisdiction. Dkt. 34. The remaining defendants plead the affirmative defense that Mr. Lacey "may have failed to properly and adequately exhaust available administrative remedies prior to the filing of this lawsuit." Dkt. 36 at 6. In this order, the Court grants the IDOC's motion to dismiss and strikes the medical defendants' affirmative defense.

**I. Motion to Dismiss**

The amended complaint alleges that Mr. Lacey has been deprived of necessary and proper treatment for opioid use disorder. *See generally* dkt. 24. As relief, he seeks only money damages. Dkt. 24 at 5. At screening, the Court found that Mr. Lacey stated plausible Indiana negligence or medical malpractice claims against the IDOC and other defendants. Dkt. 23 at 3.

The IDOC moves to dismiss the claims against it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any

other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *United Phosphorus v. Angus Chem.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds* by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

The IDOC contends that any negligence or malpractice claim against it is barred by the Eleventh Amendment. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented, *Joseph v. Board of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005), and, as an agency of the state, the IDOC enjoys that same immunity, *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). Federal courts "lack jurisdiction over immune defendants." *McHugh v. Illinois Dep't of Transportation*, 55 F.4th 529, 534 (7th Cir. 2022).

The Indiana Tort Claims Act, Ind. Code § 34-13-1-0.2 *et seq.*, creates a statutory vehicle for individuals to bring claims against government entities. However, the ITCA explicitly clarifies that it is not a waiver of the state's sovereign immunity or a consent to be sued in federal court: "This chapter shall not be construed as . . . a waiver of the eleventh amendment to the Constitution of the United States" or "consent by the state of Indiana or its employees to be sued in any federal court." Ind. Code § 34-13-3-5(f). Because Indiana has not waived its Eleventh Amendment immunity, damages claims against the IDOC, whether under federal or state law, fail for lack of jurisdiction.

Mr. Lacey and the IDOC agree that an injunctive relief claim against the IDOC would not be barred by the Eleventh Amendment. However, the amended complaint states only one claim for relief: $999,999.99. Dkt. 24 at 5. If Mr. Lacey wishes to sue the IDOC for injunctive relief, he must amend his complaint.

The IDOC's motion to dismiss, dkt. [34], is **granted**. Claims against the IDOC are **dismissed without prejudice** for **lack of jurisdiction**. The **clerk is directed** to **terminate the IDOC** from the docket as a defendant.

## II. Affirmative Defense

The remaining defendants have answered the amended complaint. Dkt. 36. They assert numerous affirmative defenses, including: "Plaintiff may have failed to properly and adequately exhaust available administrative remedies prior to the filing of this lawsuit." Dkt. 36 at 6.

"Defenses are pleadings which are 'subject to all pleading requirements of the Federal Rules of Civil Procedure.'" *Edwards v. Mack Trucks*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) (quoting *Heller Fin. v. Midwhey Powder*, 883 F.2d 1286, 1294 (7th Cir.1989)). This means an answer must set forth a short and plain statement of the defense that is "sufficient on the face of the pleadings" and includes sufficient factual allegations showing that the defense is plausible. *Id.* The Court may strike insufficient defenses from a pleading under Federal Rule of Civil Procedure 12(f).

The defendants' assertion of the exhaustion defense fails to satisfy even the most lenient notice-pleading standards. If the defendants' assertion is literally true—that Mr. Lacey *may have* failed to exhaust administrative remedies—the defendants receive no relief. Rather, the defendants must demonstrate that Mr. Lacey *actually* failed to exhaust administrative remedies. The defendants' formulation of the affirmative defense is the height of speculation, and a pleading that fails to raise a right to relief above a speculative level is insufficient. *See Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).

To be clear, the Court has not considered whether any other affirmative defense satisfies the pleading requirements, and this order does not preclude a challenge to the sufficiency of any other defense. This order is necessary because the exhaustion defense is different on a practical

level: Ordinarily, it must be resolved before this action can proceed to the merits. *White v. Bukowski*, 800 F.3d 392, 394 (7th Cir. 2015); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Therefore, the **clerk is directed to strike** the defendants' answer, dkt. [36]. The defendants will have **through October 3, 2025**, to file an amended answer that either omits the exhaustion defense or asserts it in a manner that satisfies the pleading standards set out above.

### III. Conclusion

The IDOC's motion to dismiss, dkt. [34], is **granted**. Claims against the IDOC are **dismissed without prejudice** for lack of jurisdiction. The **clerk is directed to terminate** the IDOC from the docket as a defendant.

The **clerk is directed to strike** the defendants' answer, dkt. [36]. The defendants will have **through October 7, 2025**, to file an amended answer that either omits the exhaustion defense or asserts it in a manner that satisfies the pleading standards set out above.

**IT IS SO ORDERED.**

Date: 9/25/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN JAY LACEY
263056
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Douglas Becsey
ZEIGLER COHEN & KOCH
dbecsey@zcklaw.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com